UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RHONDA K.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-5830-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the partial denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by "failing to address vocational evidence." (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1964 and has at least a high school education. AR at 32, 198. Plaintiff applied for benefits on June 18, 2015, alleging disability as of January 1, 2011. *Id.* at 15, 188. Plaintiff's application was denied initially and on reconsideration. The ALJ held hearings in

ORDER - 1

May 2017 and October 2017. *See id.* at 44-89. In January 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 185-206. The Appeals Council remanded the case to the ALJ on November 19, 2018. *Id.* at 207-211. The ALJ thereafter held hearings in June 2019 and September 2019, taking testimony from a medical expert, a vocational expert (the "VE"), and Plaintiff. *See id.* at 90-128. In October 2019, the ALJ issued a decision finding Plaintiff not disabled prior to September 17, 2019, but disabled on that date. *See id.* at 16-34. In relevant part, the ALJ found Plaintiff's severe impairments of obesity, fibromyalgia, musculoskeletal conditions degenerative disc disease, sciatica, left shoulder adhesive capsulitis, and "mental health conditions described as bipolar, anxiety, and PTSD" limited her to light work subject to a series of further limitations. *Id.* at 19, 22. Based on vocational expert testimony, the ALJ found that, prior to September 17, 2019, Plaintiff could have performed light jobs found in significant numbers in the national economy. *Id*. at 32-33. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff stipulated to the ALJ's findings at steps one through four but contends the ALJ erred at step five by failing to properly address the VE's testimony. (Dkt. # 8 at 4.) Based on the VE's testimony, the ALJ found at step five there are two jobs existing in significant numbers Plaintiff could have performed prior to September 17, 2019: conveyor line bakery worker (250,000 jobs nationally) and laminating machine operator ("at least" 65,000 jobs nationally). AR at 32.

After the hearing, and prior to issuance of the ALJ's decision, Plaintiff submitted to the ALJ data that disputed the VE's testimony about the job numbers, arguing neither existed in significant numbers. (Dkt. # 8 at 7 (citing AR at 627).) The ALJ made Plaintiff's data part of the record. AR at 627-32. According to Plaintiff's data, there are "less than a thousand" conveyor line bakery worker jobs and "approximately 7,000" laminating machine operator jobs. (*Id.*) Using Plaintiff's data, the aggregate number of both jobs falls short of the "close call" of 25,000 jobs identified by the Ninth Circuit in *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). *See also Randazzo v. Berryhill*, 725 Fed.App'x 446, 446 (9th Cir. 2017) (finding 10,000 jobs "may not amount to a significant number of jobs in the national economy");

ORDER - 3

*Lemauga v. Berryhill*, 686 Fed.App'x 420, 422 (9th Cir. 2017) ("We note that this court has never found [12,600 jobs] to be significant."). Plaintiff argues the ALJ erred by failing to address this evidence she submitted to rebut the VE's testimony.

In challenging vocational expert testimony (and preserving the issue for judicial review), "[i]t is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d)." *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017). Plaintiff cleared this hurdle by asking the VE for the source of the job numbers proffered. AR at 126. Plaintiff then challenged the accuracy of the VE's testimony by submitting a post-hearing supplemental brief with accompanying exhibits and data compiled by the Bureau of Labor Statistics. *See id.* at 627-634. The ALJ exhibited Plaintiff's exhibits and data but erroneously failed to address how this data conflicted with the testimony of the VE. *See Ford v. Saul*, 950 F.3d 1141, 1159 n.14 (9th Cir. 2020) ("The ALJ must consider the weight of such challenges as it makes its finding at step five.") (citing *Shaibi*, 883 F.3d at 1110). By failing to address Plaintiff's submitted vocational evidence, the ALJ accordingly erred at step five.

Plaintiff seeks a remand for an award of benefits. Although the Court has the discretion to remand the case for an award of benefits, *see Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990), the Court declines to do so, given the fact-finding necessary to resolve the apparent conflict in the evidence.[1] "[T]hat responsibility rests with the ALJ, who did not consider this

---

[1] The Court observes, however, a line of cases in which the Commissioner has identified far fewer conveyor line bakery worker jobs. *See Christine P. v. Commissioner*, 2021 WL 1649887, at *4 (D. Or. Apr. 27, 2021) (14,900 jobs nationally); *Richard H. v. Saul*, 2020 WL 2301313, at *5 (D. Or. May 8, 2020) ("Plaintiff alternatively argues that the ALJ did not show that the four identified jobs exist in significant numbers in the national economy. The Commissioner concedes that the occupations of tanning

ORDER - 4

evidence or argument." *Jaquez v. Saul*, 840 F. App'x 246, 247 (9th Cir. 2021) (remanding for further proceedings where, as here, plaintiff submitted evidence contradicting the VE's testimony).

V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 14th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

salon attendant, school bus monitor, and conveyor belt bakery worker do not meet that threshold."); *Nick P. v. Saul*, 2020 WL 1491380, at *4 (C.D. Cal. Mar. 27, 2020) (11,400 jobs nationally); *Paredes Ruiz v. Saul*, 2020 WL 528846, at *3 (E.D. Cal. Feb. 3, 2020), *rev'd and remanded sub nom. Ruiz v. Saul*, 834 Fed.App'x 306 (9th Cir. 2021) (7,036 jobs nationally); *Mesa v. Colvin*, 2015 WL 1519407, at *9 (N.D. Cal. 2015) (11,655 jobs nationally); *Valenzuela v. Colvin*, 2013 WL 2285232, at *3 (C.D. Cal. May 23, 2013) (11,655 jobs nationally).